UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS,<br><br>Defendant. | Case No. 2:23-cv-00770-JDP (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*, ECF No. 2. However, plaintiff is a "Three-Striker" within the meaning of Title 28 U.S.C. § 1915(g).

The court takes judicial notice of the following cases constituting strikes: *Melger v. Becerra*, Case No. 2:18-cv-03264-WBS-CKD (E.D. Cal.) (dismissing without leave to amend for failure to state a claim); *Melger v. U.S. Dep't of the Treasury*, 1:21-cv-01183-JLT-SAB (E.D. Cal.) (dismissing for failure to state a claim, failure to comply with court orders, and failure to prosecute); and *Melger v. Hopper*, 2:17-cv-00224-JAM-DMC (E.D. Cal.) (dismissing for failure to state a claim).[1]

---

[1] In *Melger v. Sacramento Sheriff Dep't*, No. 2:21-cv-01611-WBS-AC, Judge Claire issued findings and recommendations denying plaintiff's *in forma pauperis* application because

1

1     Despite being a "three-striker," a plaintiff may be afforded an opportunity to proceed *in*
2  *forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he
3  filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53
4  (9th Cir. 2007).

5     Here, plaintiff has alleged that he is in imminent danger.  ECF No. 1 at 3.  In the
6  complaint, he alleges that five years ago, a terrorist (or someone else) implanted a device in his
7  head, and since then he has heard voices, music, and mechanical sounds in his head.  *Id.*  He tried
8  to obtain an x-ray that would permit him to see the implant, but after he was unable to do so, he
9  wrote to the Federal Bureau of Investigation ("FBI") several times to see if it would provide him
10 with an x-ray.  *Id.*  The FBI did not respond to plaintiff's letters, and he claims that the FBI
11 violated his First, Fourth, and Fourteenth Amendment rights.  *Id.*  Plaintiff additionally claims
12 that he is in imminent danger.

13    Section 1915(g) states in relevant part that a prisoner who has accumulated three strikes
14 shall "[i]n no event . . . bring a civil action or appeal a judgment in a civil action or proceeding
15 [IFP] . . . unless the prisoner is under imminent danger of serious physical injury."  The section
16 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced
17 "imminent danger of serious physical injury" at the time of filing.  *Id.*; *Andrews*, 493 F.3d at
18 1055.  Recently, the Ninth Circuit has adopted the approach taken by other circuit: there must be
19 a nexus between a plaintiff's claims and the alleged danger.  *See Ray v. Lara*, 31 F.4th 692, 700
20 (9th Cir. 2022).

21    Plaintiff alleges that he has had implants in his head for five years.  The alleged
22 implantation, which predates plaintiff's filing by several years, does not qualify him for the
23 imminent danger exception of the Three-Striker rule.  *See Bontemps v. Francis*, No. 2:18-cv-
24 2708-DB P, 2019 WL 446360, at *3 (E.D. Cal. Feb. 5, 2019) (finding that the revocation of the
25 plaintiff's mobility-related devices several months prior to the filing of his complaint did not

---

26/27/28 he is a Three Striker.  The cases Judge Claire relied upon were: *Melger v. Wesp*, Case No. 2:16-cv-01103-KJN (E.D. Cal.); *Melger v. Obama*, Case No. 2:16-cv-01527-AC (E.D. Cal.); and *Melger v. Becerra*, Case No. 2:18-cv-03264-WBS-CKD (E.D. Cal.).  Judge Shubb adopted those recommendations in full and denied plaintiff's application to proceed *in forma pauperis*.

1 qualify him for the imminent danger exceptions to the Three Strikes exception).  Moreover,
2 plaintiff's allegation that unknown individuals, possibly terrorists, implanted devices in his head
3 does not relate to his claim that the FBI violated his constitutional rights.
4       Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge
5 to this action.
6       Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*,
7 ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within thirty days of any
8 order adopting these recommendations.
9       These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
14 objections shall be served and filed within fourteen days after service of the objections.  The
15 parties are advised that failure to file objections within the specified time may waive the right to
16 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
17 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 16, 2023   

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3